R. Alexander Pilmer (Bar No. 166196)
Christopher T. Casamassima (Bar No. 211280)
Nien-Ping Wang (Bar No. 261295)
Jay L. Bhimani (Bar No. 267689)
Jessica S. Chen (Bar No. 265943)
**KIRKLAND & ELLIS LLP**
333 South Hope Street
Los Angeles, California 90071
Telephone:(213) 680-8400
Facsimile: (213) 680-8500
E-mail:
alexander.pilmer@kirkland.com
chris.casamassima@kirkland.com
ian.wang@kirkland.com
jay.bhimani@kirkland.com
jessica.chen@kirkland.com

Attorneys for Plaintiffs

Randall R. Lee (SBN: 152672)
randall.lee@wilmerhale.com
P. Patty Li (SBN: 266937)
patty.li@wilmerhale.com
Emily S. Churg (SBN 261334)
emily.churg@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

Peter J. Macdonald (admitted *pro hac vice*)
peter.macdonald@wilmerhale.com
David Olsky (admitted *pro hac vice)*
david.olsky@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
399 Park Avenue
New York, NY 10022
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

Attorneys for Defendant HSBC BANK USA, N.A.

FILED
CLERK, U.S. DISTRICT COURT
MAR 16 2011
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HUA NAN COMMERCIAL BANK, et. al., Plaintiffs, vs. HSBC BANK USA, N.A., et. al., Defendants. | Case No. CV 10-8773-PSG (Ex)<br><br>**~~[PROPOSED]~~ PROTECTIVE ORDER**<br><br>Judge: Hon. Philip S. Gutierrez |

The Court, having reviewed the *Joint Stipulation Re Protective Order* ("Stipulation"), entered into on March 15, 2011 between Hua Nan Commercial Bank, Hua Nan Investment Trust Corporation, Cosmos Bank, EnTie Commercial Bank, Bank SinoPac, and Taichung Commercial Bank (collectively, "Plaintiffs") and HSBC Bank USA, N.A. ("HSBC") (collectively with Plaintiffs, the "Parties"), and for good cause shown, and to facilitate discovery and particularly to facilitate the exchange during discovery of documents, things, information, testimony, and other evidence (collectively, "Information"), hereby rules as follows:

**IT IS HEREBY ORDERED** that:

1. Nothing herein shall be deemed: (1) a waiver of any objection, protection, or privilege any party or non-party may raise to the production of any documents in support of a refusal to produce such documents; or (2) an admission to the relevancy of the documents requested. Further, nothing contained herein waives HSBC's arguments set forth in its pending Motion for Review of Magistrate Judge Order, filed February 4, 2011, that no discovery should commence until the resolution of the pending motion to dismiss, nor does it waive HSBC's arguments in its pending Motion to Dismiss and/or Stay the Proceedings, filed December 17, 2010, and each of HSBC's arguments with respect to those motions is expressly reserved.

2. This Order governs the handling of Information, including, but not limited to, documents, deposition testimony and exhibits, tangible things, interrogatory responses, responses to requests for admission, responses to demands for production of documents or inspection, and any summaries or descriptions of such documents and information, produced or provided by any Party in response to a discovery request in this action.

3. The Parties agree that Information obtained through discovery in this action shall be used solely for purposes of the above-captioned action. This provision shall not be construed as a waiver of the right of any party to seek Information in any other action or arbitration, including the same Information obtained through discovery in

this action. All contractual confidentiality provisions and restrictions shall be strictly obeyed and enforced.

4. Any Party producing any Information (the "Producing Party") in response to a discovery request in this action may unilaterally and in good faith designate such Information as "Confidential" or "Confidential—Outside Counsels' Eyes Only" in accordance with Paragraphs 5 through 7 below.

5. Information may be designated as "Confidential" if the Information contained or expressed therein has not been disclosed to the public and if public disclosure of such Information is either restricted or protected by state or federal law or would, in the good faith opinion of the Producing Party:

a. contain sensitive, personal financial information;

b. contain confidential employment information;

c. contain constitutionally protected information; or

d. otherwise adversely affect the Producing Party's business, commercial, financial, proprietary, or personal interests, or be reasonably likely to pose a risk of significant harm to the Producing Party's competitive or financial position or the competitive or financial position of a non-party that is owed a duty of confidentiality by the Producing Party.

6. Information may be designated as "Confidential—Outside Counsels' Eyes Only" if the Information contained or expressed therein has not been disclosed to the public and the Producing Party has reasonable grounds to believe that the Information would, if known to any officer, director, employee, or agent of a party receiving the Information ("Receiving Party"), including in-house counsel for a Receiving Party, or to the public, cause harm or injury to the reputation and/or business of the Producing Party or a party in privity with the Producing Party, or provide improper competitive advantage to others. "Confidential—Outside Counsels' Eyes Only" Information may include information that concerns or relates to:

a. trade secrets or other commercially sensitive information; and/or

b. confidential research, development, proprietary, or commercial information.

"Confidential—Outside Counsels' Eyes Only" is a subcategory of Confidential Information and shall not include any information that has been made public, provided such public disclosure was authorized by the Party claiming ownership of the Information, and not unlawful, inadvertent, or the fault of the Receiving Party. Information designated "Confidential—Outside Counsels' Eyes Only" may be disclosed to one designated in-house attorney for each Party under the following conditions: (1) the Party must disclose in writing to all other Parties the name of the in-house attorney, and (2) the in-house attorney must sign a written undertaking agreeing to be bound by the terms of this Order.

7. Information may be designated as "Confidential" or "Confidential—Outside Counsels' Eyes Only" by stamping such designation on the Information. For deposition testimony, information may be designated as "Confidential" or "Confidential—Outside Counsels' Eyes Only" by identifying such information as such through a statement on the record during the deposition, or by a subsequent designation of the information as "Confidential" or "Confidential—Outside Counsels' Eyes Only" within 21 calendar days after the transcript is made available to the Parties. The Receiving Party will treat all Information designated "Confidential" or "Confidential—Outside Counsels' Eyes Only" in the manner described in Paragraphs 8 through 18 below unless and until the Parties agree otherwise or the Court orders otherwise.

8. If any Party receiving Information objects to the classification of such Information as "Confidential" or "Confidential—Outside Counsels' Eyes Only" and the Parties cannot resolve the objection informally, then the objecting party may move for an order to determine whether the Information has been properly designated. In such an event, the burden shall remain on the Producing Party to demonstrate that

protection of the Information is proper. However, until such time as the Court rules a designation improper, all materials designated "Confidential" or "Confidential—Outside Counsels' Eyes Only" shall be treated as designated and in the manner described in Paragraphs 9 through 18 below.

9. Except as provided herein, or with the express written permission of the Producing Party or its counsel, or upon order of the Court, counsel shall not deliver, exhibit, disclose or discuss any Information designated as "Confidential" or "Confidential—Outside Counsels' Eyes Only" to any person(s), organization(s), or group(s), except those permitted by Paragraphs 10 through 13 below. Any and all person(s), organization(s), or group(s) with whom such information is shared, including but not limited to those listed in Paragraphs 10-13, must first agree in writing to be bound by and abide by the terms of this Order, in the form of an acknowledgement that states: "I have reviewed and understand the terms of the Protective Order entered by the Court on _______, 2011 in the *Hua Nan Commercial Bank, et. al. v. HSBC Bank USA, N.A., et. al* matter, and hereby agree to be bound by its terms."

10. Information designated as "Confidential" may be used solely by or on behalf of the Parties, or other parties to this litigation, in all proceedings relative to this action and in preparation for and during the trial or mediation of this case. This provision shall not be construed as a waiver of the right of any party to seek Information in any other action or arbitration, including the same Information obtained through discovery in this action. Such Information obtained in this action will be held in strict confidence and not disclosed, except as otherwise provided herein, to any person other than:

a. the Court (including appellate courts), arbitrators, and mediators, and the personnel of any of the foregoing, provided that Court filings of "Confidential" Information follow the procedure described in Paragraph 12 and the Parties reach a separate confidentiality

Case 2:10-cv-08773-PSG -E Document 78-1 Page 6 of 13 Page ID #:5235

agreement with said arbitrators or mediators prior to the sharing of "Confidential" Information;

b. counsel to all parties in this litigation, who have signed the Stipulation and the counsel's regular and temporary employees and service vendors, provided that all counsel, their regular and temporary employees and service vendors agree in writing to be bound by this Order prior to their receipt of "Confidential" Information, in the form of an acknowledgement that states: "I have reviewed and understand the terms of the Protective Order entered by the Court on _______, 2011 in the *Hua Nan Commercial Bank, et. al. v. HSBC Bank USA, N.A., et. al* matter, and hereby agree to be bound by its terms.";

c. author(s), addressee(s), recipient(s), or any individuals referenced in the Information;

d. experts and consultants (and their employees) employed by or retained by any of the parties to this litigation or their counsel who are assisting in the prosecution or defense of this litigation, provided that said experts and consultants (and their employees) agree in writing to be bound by this Order prior to their receipt of "Confidential" Information;

e. officers, directors, and employees of any of the parties to this litigation or their members, affiliates or investors that are assisting counsel in the prosecution or defense of this litigation or whom counsel must advise concerning the status of this litigation.

f. actual deponents or trial witnesses during examination and, to the extent necessary, in preparation for such deposition or testimony.

g. stenographers and videographers engaged to transcribe depositions conducted in this action.

To the extent that there are parties to this litigation that have not entered into a

stipulated protective order in this litigation, no Information designated as "Confidential" may be disclosed to such parties.

11. Information designated as "Confidential—Outside Counsels' Eyes Only" may be used solely by or on behalf of the Parties, or other parties to this litigation, in all proceedings relative to this action and in preparation for and during the trial or mediation of this case. This provision shall not be construed as a waiver of the right of any party to seek Information in any other action or arbitration, including the same Information obtained through discovery in this action. Such Information obtained in this action will be held in strict confidence and not disclosed, except as otherwise provided herein, to any person other than:

a. the Court (including appellate courts), arbitrators, and mediators, and the personnel of any of the foregoing, provided that Court filings of "Confidential—Outside Counsels' Eyes Only" Information follow the procedure described in Paragraph 12 and the Parties reach a separate confidentiality agreement with said arbitrators or mediators prior to the sharing of "Confidential—Outside Counsels' Eyes Only" Information;

b. outside counsel to all parties in this litigation, who have signed the Stipulation and the counsel's regular and temporary employees and service vendors, provided that all counsel, their regular and temporary employees and service vendors agree in writing to be bound by this Order prior to their receipt of "Confidential—Outside Counsels' Eyes Only" Information, in the form of an acknowledgement that states: "I have reviewed and understand the terms of the Protective Order entered by the Court on _______, 2011 in the *Hua Nan Commercial Bank, et. al. v. HSBC Bank USA, N.A., et. al* matter, and hereby agree to be bound by its terms.";

c. author(s), addressee(s), recipient(s), any individual referenced in the

Information, or any employee or Federal Rule of Civil Procedure 30(b)(6) designee of the Producing Party;

d. experts and consultants (and their employees) employed by or retained by any of the parties to this litigation or their counsel who are assisting in the prosecution or defense of this litigation, provided that said experts and consultants (and their employees) agree in writing to be bound by this Order prior to their receipt of "Confidential—Outside Counsels' Eyes Only" Information;

e. the in-house counsel formally designated as a permitted recipient of "Confidential—Outside Counsels' Eyes Only" Information, pursuant to Paragraph 7;

f. stenographers and videographers engaged to transcribe depositions conducted in this action.

To the extent that there are parties to this litigation that have not entered into a stipulated protective order in this litigation, no Information designated as "Confidential—Outside Counsels' Eyes Only" may be disclosed to such parties.

12. Counsel may make copies of Information designated as "Confidential" or "Confidential—Outside Counsels' Eyes Only" for the purpose of filing copies with the Court. All Confidential or Outside Counsels' Eyes Only Information filed with the Court shall be filed under seal pursuant to the following procedures:

(a)  Entry of this Order hereby constitutes "prior approval of the Court" under Local Rule 79-5.1, and submission of a document sealed in separate envelopes with a copy of the title page attached to the front of each envelope, as provided in Local Rule 79-5.1, together with a copy of this Order, constitutes compliance with Local Rule 79-5.1. No further order of the Court to authorize sealing will be required.

(b)  Where reasonably practicable, only confidential portions of filings with the Court shall be filed under seal. Information filed under seal shall be placed in sealed envelopes on which it shall be endorsed with the title to this action, the words

Case 2:10-cv-08773-PSG -E Document 78-1 Filed ... Page 9 of 13 Page ID #:5238

"FILED UNDER SEAL," and a statement substantially in the following form:

> "This envelope is sealed pursuant to order of the Court and contains Confidential Information [and/or Outside of Counsels' Eyes Only Information] filed in this case by [name of party] and is not to be opened or the contents thereof to be displayed or revealed except by order of the Court."

The envelope shall not be opened without further order of the Court except by persons authorized to have access to such Information pursuant to paragraph 10 or 11, as applicable. Any envelope containing Information filed under seal that is an exhibit to a pleading shall also bear the name of the pleading. Where documents filed under seal are transmitted between the parties, the above message shall be placed on the transmitting letter, e-mail or facsimile cover sheet. A full and unredacted copy of any such submission may be provided directly to chambers, marked "Chambers Copy" and "Contains Confidential or Outside of Counsels' Eyes Only Information Subject to Protective Order."

(c) As soon as practicable, but in no event later than ten calendar days after having filed paper copies of the submitted materials, the submitting party shall file with the court, for its public file, a copy of the submitted materials with the Confidential Information and/or Outside of Counsels' Eyes Only Information redacted.

(d) If any party objects to identified portions of the materials remaining under seal, it shall, within ten business days of submission of the materials, state its objections in a letter sent by facsimile or electronic mail to counsel for all parties in this action. The interested parties shall promptly meet and confer to attempt to resolve those objections and, if they cannot be resolved, shall promptly tender those objections to the Court for resolution. Any revised public electronic filing, if any, of that submission shall be made by the submitting party within ten business days after the Court's decision resolving that dispute.

13. Failure to designate Information as "Confidential" or "Confidential—

Outside Counsels' Eyes Only" using the procedures described above shall not operate to waive a Producing Party's right to later so designate such Information. Once such a designation is made by written notice and new copies of properly marked materials are delivered, the relevant Information shall be treated thereafter as "Confidential" or "Confidential—Outside Counsels' Eyes Only" in accordance with this Order. In the event that there is an interval between the written notice and the provision of new copies of properly designated Information, the Parties shall use their best efforts to treat those documents identified in the written notice according to their new designation until such time as the properly marked materials are received.

14. Information produced before the entry of this Order may be designated as "Confidential" or "Confidential—Outside Counsels' Eyes Only" by notifying each party in writing of the Information to be so designated within a reasonable time after notice of the entry of this Order.

15. Deposition transcripts or portions of deposition transcripts may be designated "Confidential" or "Confidential—Outside Counsels' Eyes Only" either on the record or within fourteen (14) days of receipt of the transcript. Any deposition transcript or portion of a deposition transcript not designated as "Confidential" or "Confidential—Outside Counsels' Eyes Only" at the time of the deposition shall be treated as Confidential until fifteen (15) days after its receipt by all parties, unless the parties agree otherwise.

16. This Order shall not be deemed a waiver of any Party's right to seek an order compelling discovery with respect to any discovery request; or any Party's right to object to any discovery or the production of any Information or documents; or any Party's right to assert an applicable protection or privilege; or any Party's right to object to the admission of any evidence on any grounds in any proceeding herein; or any Party's right to use its own documents produced in this litigation with complete discretion.

17. Upon final resolution of this litigation, including all appeals, all

Information designated as "Confidential" or "Confidential—Outside Counsels' Eyes Only" shall be destroyed by the Party possessing the Information after 30 days, unless the Producing Party requests its return within that 30 day period, in which case all the Information shall be returned within the following 30 days after such request.

18. This Order may be modified by further order of the Court, or by agreement of counsel for the parties subject to the approval of the Court, provided that any such agreement shall be in the form of a written stipulation filed with the clerk of the Court and made a part of the record in this case.

19. The inadvertent disclosure or production of confidential Information shall not constitute waiver of the "Confidential" or "Confidential—Outside Counsels' Eyes Only" status of the Information. In the event that any Information designated as "Confidential" or "Confidential—Outside Counsels' Eyes Only" is inadvertently disclosed or produced to an individual not permitted under this Order to receive or view such Information, the Producing Party must be informed immediately upon discovery of the inadvertent production and such Information must immediately be returned to the Producing Party. The provisions of this paragraph are without prejudice to any other rights any party may have with respect to challenging or defending the "Confidential" or "Confidential—Outside Counsels' Eyes Only" designation of Information. The Receiving Party may challenge the designation at any time and submit the issue for the Court for determination. The burden of maintaining the designation shall remain with the Producing Party.

20. The inadvertent disclosure or production of privileged or attorney work product material shall not constitute waiver of any applicable privileges or protections. In the event that privileged or attorney work product material is inadvertently disclosed or produced, the Receiving Party must immediately notify the Producing Party upon discovery of the inadvertent production and immediately return or destroy the privileged or attorney work product materials and any copies it has of such material, as well as any work product derived therefrom, and must not use or disclose

the material. The provisions of this paragraph are without prejudice to any other rights any party may have with respect to challenging or defending any claim of privilege or protection from disclosure. After the return and/or destruction of the documents, the Receiving Party may contest the producing party's claim(s) of privilege, work product, or other immunity from disclosure and submit such issue to the Court for determination, and the burden of maintaining a claim of privilege shall remain with the Producing Party. The determination of privilege shall be made without regard to the fact that any such document has been produced.

21. In the event that a party seeks discovery from a non-party to this action, the non-party may invoke the terms of this Order with respect to any Information provided to the parties by so advising the parties to this action in writing. Any such non-party shall be permitted to appear in this action for purposes of protecting its rights under this Order.

22. If any party is subpoenaed in another action, served with a demand in another action to which it is a party, or is served by any legal process by one not a party to this action, seeking Information that was designated as Confidential or Confidential—Outside Counsels' Eyes Only Information by someone other than that subpoenaed party, the subpoenaed party shall give written notice by hand, e-mail or facsimile transmission within three (3) business days of receipt of such subpoena, demand, or legal process to the party who designated the Information. Nothing herein shall be construed as requiring the subpoenaed party or anyone else covered by this Order to challenge or appeal any order requiring production of Information subject to this Order, or subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

23. Nothing herein is intended to prohibit or restrict in any way the use or distribution by a party, or by its employees, witnesses, experts, or attorneys, of its own information.

Case 2:10-cv-08773-PSG -E Document Page 13 of 13 Page ID #:5242

24. Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this litigation and, in the course of rendering advice, relying generally on the examination of Confidential and Confidential—Outside Counsels' Eyes Only Information. However, said attorney shall not disclose the specific contents of Confidential and Confidential—Outside Counsels' Eyes Only Information to persons not authorized to receive such material pursuant to this Order.

**IT IS SO ORDERED.**

DATED: March 16, 2011

Honorable ~~Philip S. Gutierrez~~
~~United States District Judge~~
Charles F. Eick
United States Magistrate Judge